GARRISON, Judge.
The defendant, Emmett Messick, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. After a jury found the defendant guilty as charged, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction and sentence.
On June 1,1986, nineteen year old Kelvin Thompson was shot and killed while riding a bicycle along Chef Menteur Highway in New Orleans. At that time, the defendant and Harold Allen were driving on Chef Menteur Highway. According to Allen, the defendant pulled out his gun, shot at Thompson and said, “I like to wing them f — ing niggers.” Allen then grabbed the defendant’s gun and kept it in his possession until the two men arrived at Allen’s home. At that point, the two men went their separate ways. When Allen later read about a young black man being shot to death while bicycling on Chef Menteur Highway, he feared that the victim was shot by the defendant, so he contacted the police.
When the defendant and Allen separated on the day of the shooting, the defendant went to his sister’s home and told her that he had shot a boy who was riding a bicycle. *119 His sister, Patricia Frey, contacted the police two days later.
After leaving his sister’s home, the defendant then proceeded to the LaPlace home of his brother-in-law where he was soon arrested for illegally discharging a weapon, disturbing the peace and driving with a suspended driver’s license. After Patricia Frey made her statement to the police, they obtained the gun seized from the defendant in the LaPlace arrest, found that it was the same type of gun used in the Thompson murder, and obtained a warrant for the defendant’s arrest.
By this time, the defendant had fled to Alabama but he returned several days later and turned himself in to the authorities where he was arrested for the murder of Kelvin Thompson. The defendant claims that he did not kill Thompson; rather, he claims that his friend Harold Allen was the perpetrator of that crime.
In the first assignment of error, the defendant claims that the evidence presented at trial was insufficient to support the conviction for second degree murder. In an appellate review of sufficiency of evidence, the court must determine whether a rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, could have found that the elements of the crime charged were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Second degree murder is the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm. LSA-R.S. 14:30.1. Evidence at trial established the facts that: 1) the defendant fired a shot at a young black man riding a bicycle along Chef Menteur Highway on June 1, 1986; 2) the victim, Kelvin Thompson, was shot and killed by a .22 caliber pistol with similar barrel characteristics to the pistol seized from the defendant in La-Place; 3) the murder occurred on Chef Menteur Highway at the approximate time and place that the defendant fired at a young black man on Chef Menteur Highway; 4) the defendant confessed to his sister that he had shot a black man on a bicycle; and 5) the slug that killed the victim was the same type of ammunition confiscated from the defendant.
Clearly, the evidence presented in this case was sufficient to support the defendant’s conviction for second degree murder. This assignment of error is without merit.
In the second assignment of error, the defendant claims that the trial court erred in allowing into evidence certain testimony from a pathologist which was not furnished to the defense pursuant to its pre-trial discovery request. The defendant also claims that the trial court erred in allowing into evidence the testimony of an F.B.I. firearms expert who conducted ballistics tests in this case three days prior to trial.
The discovery rules of the Louisiana Code of Criminal Procedure, including LSA-C.Cr.P. arts. 718 and 719 which deal with the discoverability of documents and of results of tests and examinations, were enacted to eliminate unwarranted prejudice to a defendant which could occur from surprise testimony. State v. Jackson, 454 So. 2d 398 (La.App. 4th Cir.1984). The objectionable testimony of Dr. Paul McGarry, which dealt with certain measurement tests conducted on the defendant’s car on the day before trial, was clearly outside of the doctor’s expertise and should not have been allowed due to the fact that the defense was not provided with the results of these tests as requested in its pre-trial discovery motion. However, because the extensive cross-examination of Dr. McGarry discredited the conclusions that the doctor attempted to draw from his measurement tests, the defendant was not so prejudiced by this testimony so as to warrant a reversal of his conviction.
Furthermore, the allowance of the testimony of the F.B.I. firearms expert concerning ballistics tests concluded three days before trial may also have violated article 719 but no prejudice was incurred by the defendant because the results of this witness’ tests were inconclusive on the issue of whether or not the defendant’s gun was the murder weapon. Therefore, because this testimony neither helped nor *120 harmed the defendant, its admission was harmless error.
In the third assignment of error, the defendant argues that the trial court erred in allowing the State to introduce evidence of prior and subsequent offenses allegedly committed by the defendant. Evidence of other crimes or bad conduct committed by the defendant is generally inadmissible. However, an exception to that rule exists when such evidence is substantially relevant and tends to show intent, knowledge or system. State v. Kakey, 436 So.2d 475 (La.1983).
In this case, the trial judge allowed testimony concerning defendant’s arrest in LaPlace, on the day after the Thompson shooting, for illegally discharging a weapon. The LaPlace incident was not substantially related to the issue at trial and did not show intent, knowledge or system. Therefore, the trial court erred in allowing this testimony into evidence. However, in view of the overwhelming evidence of defendant’s guilt in this case, the allowance of testimony concerning the LaPlace incident was harmless error.
In the final assignment of error, the defendant claims that the trial court erred in allowing the written statement of Patricia Frey into evidence. According to defendant, because Patricia Frey testified at trial, her testimony was the best evidence available and, therefore, her written statement should not have been allowed into evidence. However, because this statement was introduced without objection by the defense, the defendant waived his right to have this issue reviewed on appeal.
For the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.